IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY AKU QUARTEY        *

    v.              *   CIVIL ACTION NO. CCB-11-1664

INSPECTOR JOHN SOOS      *
                   ***

## **MEMORANDUM**

Plaintiff, a resident of Washington, D.C., filed this self represented complaint. The Complaint is not a model of clarity. Plaintiff states the facts of the case as "wealth for mary Aku Quartey for eye [illegible]." ECF No. 1. Plaintiff provides no basis for filing the complaint and her attachments shed no light on the nature of her claim. Indeed, those documents are nonsensical as they refer to plaintiff's efforts to have the FBI assist her in her efforts to return to work, and refer to her as "the Predictor and enventor." *Id*.

Plaintiff has filed for indigency status. ECF No. 2. The motion shall be granted. This court may preliminarily review the complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Plaintiff's complaint provides no jurisdictional or factual basis for its filing. Her attachments are replete with fanciful illusions. The action shall be dismissed without prejudice for the failure to

state a claim and without service of process on defendant.[1]  A separate order shall follow.

Date: July 14, 2011          /s/
                             Catherine C. Blake
                             United States District Judge

---

[1] Plaintiff has filed approximately twenty-seven cases in this court since December 2, 2009. Given the frivolous nature of her filings, the court concludes that affording plaintiff the opportunity to amend her complaint would be an exercise in futility.